46 F.3d 1139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel Flores CAMPOS, Plaintiff-Appellant,
v.
CITY OF SAN DIEGO; Cesar Castro, Joseph Wood, Defendants-Appellees.
 No. 92-55582.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1994.
Decided Jan. 11, 1995.
 
 Before: CANBY, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Because the parties are familiar with the facts of the case, we will not recite them here. We find no abuse of discretion in either of the district court's evidentiary rulings to which Mr. Flores assigns error. Nor do we find that the court prejudiced the jury against Flores by its actions in examining Flores' damages expert.
 
 
 3
 We review the district court's evidentiary rulings for abuse of discretion, United States v. Blaylock, 20 F.3d 1458, 1462 (9th Cir.1994), and will reverse such rulings only if such nonconstitutional error more likely than not affected the verdict. United States v. Corona, 34 F.3d 876, 882 (9th Cir.1994).
 
 
 4
 The jury was required to determine, "in light of all relevant circumstances," whether Woods and Castro were objectively reasonable in their use of force to apprehend Flores. Forrester v. City of San Diego, 25 F.3d 804, 806. (9th Cir.1994) (citation omitted). Flores asserts that the district court abused its discretion when it concluded that testimony concerning earlier crimes committed at the border constituted "evidence of a relevant circumstance." We disagree.
 
 
 5
 The evidence in question was relevant to Flores' Fourth Amendment claim. The officers' and Border Patrol agents' testimony served to explain to the jury why the Border Crime Intervention Unit was present in the area. The evidence also tended to show that the officers' concern for their own safety and the safety of others entered into their decision to use deadly force to apprehend Flores. The district court thus did not abuse its discretion in concluding that the testimony was relevant within the meaning of Forrester.
 
 
 6
 We likewise reject Flores' argument that the district court abused its discretion in excluding from evidence the dismissal of criminal charges against Flores. The court correctly determined that the evidence was not relevant to the issue of whether the officers had probable cause to arrest Flores. Probable cause is determined at the moment of arrest, United States v. Hillison, 733 F.2d 692, 697 (9th Cir.1984), and not in hindsight based upon the ultimate disposition of criminal charges.
 
 
 7
 Finally, the district court did not prejudice the jury against Flores on the issue of damages, or on any other issue, by its conduct during Ms. Roughan's expert testimony. Because the jury never reached the issue of damages in its deliberation, the court could not have prejudiced Flores in that regard. Further, the court expressed no opinion on any ultimate issue; it merely questioned the qualifications and methodology of an expert witness, after which it allowed the witness to respond. The district court's conduct therefore was well within the bounds of acceptable judicial commentary on witnesses and evidence. See Kern v. Levolor Lorentzen, 899 F.2d 772, 780 (9th Cir.1990).
 
 
 8
 For the above reasons, we affirm the district court's rulings and final judgment in all respects.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3